FILED

SEP 28 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ANGEL DIAZ, | No. 08-72809 |
| Petitioner, | Agency No. A070-815-740 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:   SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Miguel Angel Diaz, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' ("BIA") order summarily affirming an

immigration judge's ("IJ") decision denying his motion to reopen removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005), and we deny the petition for review.

The agency did not abuse its discretion in denying Diaz's motion to reopen as untimely because it was filed over nine years after the BIA's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within 90 days of final order of removal), and Diaz did not show he was entitled to equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (deadline for filing motion to reopen can be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

Diaz's contention that the BIA abused its discretion by summarily affirming the IJ's decision is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 855 (9th Cir. 2003) ("where we can reach the merits of the decision by the IJ or the BIA, an additional review of the streamlining decision itself would be superfluous").

**PETITION FOR REVIEW DENIED.**